### In re PELTON'S ESTATE.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

CONTEMPT—WHAT CONSTITUTES.

The refusal of defendant, executor of an estate, to obey an order of the surrogate to appear and show cause why he should not pay a collateral inheritance tax, constitutes a contempt.

Appeal from surrogate's court, Orange county.

In the matter of enforcing the collateral inheritance tax upon the estate of Sarah Pelton, deceased. The surrogate made an order citing James H. Pelton, executor and sole legatee and devisee under the will of Sarah Pelton, to appear and show cause why the tax imposed on the estate under the law relating to collateral inheritance taxes should not be ascertained and paid. From an order adjudging him in contempt for refusal to obey such order, the executor appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Brice,* for appellant.    *Russell Headley,* for respondent.

PRATT, J.    The defendant in this proceeding was adjudged guilty of contempt for refusing to obey an order of the surrogate of Orange county, citing him to appear and show cause, etc. No appearance was made in person before the surrogate, and no defense suggested to the charge of contempt. It was not for not paying the collateral inheritance tax, or not taking proceedings for ascertaining the same, but for failing to appear before the surrogate and showing cause, as required by the surrogate's order. It was the duty of the defendant to obey the surrogate when cited to appear, and a refusal to do so was a contempt; in fact, his whole conduct is characterized by a total disregard of the surrogate's orders, and a lack of good faith. No question seems to be raised as to the power of the surrogate to punish for contempt. Order affirmed, with costs and disbursements.

BARNARD, P. J.    The district attorney of Orange county had jurisdiction to enforce the payment of any tax which he had reason to believe to be payable under the Collateral Inheritance Act, c. 713, (Laws 1887, § 17.) Proceedings were commenced by him to enforce the payment of a tax due from the estate of Sarah Pelton. James H. Pelton was the executor and the sole legatee. The citation to James H. Pelton, executor, was issued 25th of July, 1889, and it was returnable 5th of September, 1889. The executor appeared by his attorney, and disputed the liability to pay any tax, and asked for a time in the future to be fixed for an adjournment to prepare his answer. The adjournment was to the 19th day of September, 1889. No answer was put in, but another adjournment was had to October 12, to October 24, to November 7, 14, and 21, 1889. Then the executor failed to appear. A motion was then served on the executor to appear on the 5th of December, 1889, to show cause as to the proceedings taken for the collection of the tax. The executor did not appear, and a citation was issued on the 10th of December, 1889, returnable December 12, 1889, why the district attorney should not have such order as he was entitled to in the premises, and the executor be punished for a contempt. The executor was served. On the 12th December, 1889, the executor appeared by counsel, and made no excuse for his refusal to pay the tax. The surrogate adjudged him guilty of contempt, and fined him $15, which the executor paid subsequently. The executor was bound to pay the tax without approvement, if the facts were admitted. Whether an approval was made depended upon extrinsic facts. If a gift of money was made by deceased to the executor, and he was outside of the degree of kin not subject to tax, his duty was to pay the money due the state, without further order. It was to that end—that proceedings might be taken to compel payment of the tax—that the executor was cited. He owed obedience to the surrogate as executor, and a failure to appear and answer was properly punishable as for contempt. Code Civil Proc., § 2481. The order should therefore be affirmed, with costs and disbursements.